IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND
(Upper Marlboro Civil Division)

| | |
|---|---|
| **FREDA SHELTON**<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )  CIVIL ACTION NO. CAL13-38950<br>)  **JURY TRIAL DEMANDED** |
| **Verizon, Inc.**<br>　Serve: Corporation Trust Inc.<br>　　　　351 W. Camden St.<br>　　　　Baltimore, MD 21201<br>　　　　　Defendant, | )<br>)<br>)<br>)<br>)<br>) |
| **Convergent Outsourcing, Inc.**<br>　Serve: Corporation Trust Inc.<br>　　　　351 W. Camden St.<br>　　　　Baltimore, MD 21201<br>　　　　　Defendant, | )<br>)<br>)<br>)<br>) |
| **Palisades Collection, L.L.C.**<br>　Serve: The Corporation Trust Incorporated<br>　　　　351 West Camden Street<br>　　　　Baltimore, MD 21201<br>　　　　　Defendant, | )<br>)<br>)<br>)<br>) |
| **Southwest Credit Systems, L.P.**<br>　Serve: The Corporation Trust Incorporated<br>　　　　351 West Camden Street<br>　　　　Baltimore, MD 21201<br>　　　　　Defendant, | )<br>)<br>)<br>)<br>) |
| **Equifax Information Services, Llc.**<br>　Serve: CSC-Lawyers Incorporating Service Co.<br>　　　　7 St. Paul Street, Suite 1660<br>　　　　Baltimore, MD 21202<br>　　　　　Defendant, | )<br>)<br>)<br>)<br>) |
| **Experian Information Solutions, Inc.**<br>　Serve: The Corporation Trust Incorporated<br>　　　　351 West Camden Street<br>　　　　Baltimore, MD 21201<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

1

COMES NOW the Plaintiff, Shelton Freda, and for her complaint against the Defendants Verizon, Inc. ("Verizon"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), Convergent Outsourcing, Inc. ("Convergent"), Palisades Collection, Llc ("Palisades") and Southwest Credit Systems, LP ("SCS") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §13-101 *et seq* ("MCPA").

## PARTIES

2. The plaintiff is a natural person and resides in Clinton, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

3. Defendant Verizon is a telecommunication company with offices located in Maryland in which it operates to conduct business throughout the state.

4. Defendant Palisades is a Delaware corporation that is licensed as a debt collection agency in Maryland.

5. Defendant SCS is a Texas corporation that is licensed as a debt collection agency in Maryland.

6. Defendant Convergent is a Washington corporation that is licensed as a debt collection agency in Maryland.

7. Defendants Palisades, SCS and Convergent regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. S 1692a(6).

8. Defendants Verizon is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), in that it regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

9. Upon information and belief Defendants Equifax and Experian (collectively "credit bureaus") are corporations authorized to do business in the State of Maryland.

10. Upon information and belief the credit bureaus are "consumer reporting agencies," as defined in 15 U.S.C. §1681a(f). Upon information and belief the credit bureaus are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Upon information and belief the credit bureaus disburse such consumer reports to third parties under contract for monetary compensation.

## FACTS

12. Verizon is instructing the credit bureaus to report that Ms. Shelton has a $144 outstanding collection account with Verizon. The alleged debt is related to personal phone services and is a "debt" pursuant to 15 U.S.C. §1692a(5).

13. Verizon's claim is false for Ms. Shelton does not owe $144 to Verizon.

14. In June 2013 Ms. Shelton disputed the Verizon account by submitting online disputes with Transunion and the credit bureaus.

15. Experian forwarded the dispute to Verizon and the account was updated and remained on Ms. Shelton's credit report.

16. Trans Union deleted the Verizon account after receiving Ms. Shelton's dispute. Upon information and belief Verizon instructed Transunion to delete the collection account.

17. Equifax did not respond to Ms. Shelton's online dispute and did not provide any notice of a determination that the dispute was frivolous.

18. On July 15, 2013 Ms. Shelton received a letter from Convergent. In that letter Convergent identified Verizon as the original creditor and Palisades as the current creditor. The letter further stated the balance was $196.06 and offered to settle the debt for $98.03.

19. Ms. Shelton wrote directly to Verizon on August 1, 2013 where she requested documentation establishing she owed $144.00. On that same date Ms. Shelton wrote a letter to notify Equifax that she had yet to receive her investigation results of her June 2013 dispute.

20. Verizon did not respond to Ms. Shelton's August 1st letter.

21. Equifax responded with its investigation results on August 7, 2013. The Verizon account was "verified" as belonging to Ms. Shelton.

22. In correspondence dated August 6, 2013 Ms. Shelton requested Convergent provide "its method of calculation of the debt and documentation establishing Palisades is the current creditor."

23. Ms. Shelton disputed the Verizon account again with Equifax by letter dated August 17, 2013.

24. Equifax did not provide Ms. Shelton with investigation results of her August 17, 2013 dispute. Upon information and belief Equifax failed to forward Ms. Shelton's dispute to Verizon.

25. Defendant SCS, by a letter dated November 10, 2013, claimed to be collecting on behalf of the creditor Verizon and offered to settle the account for $108.05, which was purportedly 75% of the total balance due of $144.07.

## COUNT ONE: VIOLATIONS OF FCRA

26. Plaintiff realleges and incorporates paragraphs 1 through 25 above as if fully set out herein.

27. The credit bureaus violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes.

28. Equifax failed to conduct a reasonable reinvestigation and record the current status of the Plaintiff's disputes in June/July 2013 and August/September 2013.

29. Experian failed to conduct a reasonable reinvestigation and record the current status of the Plaintiff's dispute in June/July 2013.

30. The credit bureaus violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the Verizon account after receiving Plaintiff's dispute. Had the credit bureaus conducted an actual investigation they would have found that the Verizon account could not be verified and would have deleted the account.

31. The credit bureaus did not verify that Verizon had any proof of the debt, much less that the amount was accurate. The credit bureaus were obligated to delete the account because it did not verify the existence of the debt or the amount of the debt.

32. Verizon both negligently and willfully violated the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the account.

33. Either Verizon did not investigate the dispute at all or Verizon intentionally reported incorrect information. If Verizon conducted a reasonable investigation it would have concluded that Plaintiff did not owe a $144 debt to it.

34. Verizon had a duty under the FCRA at §1681s-2(b)(1)(D) & (E) to delete or modify the account after it could not verify the disputed information.

35. Verizon's and the credit bureaus foregoing violations have caused the Plaintiff to incur both economic and emotional distress damages.

36. Plaintiff is seeking punitive damages in the amount of $20,000 for Defendants' willful violations of the FCRA under 15 U.S.C. §1681n. Plaintiff is also seeking actual damages in the amount of $20,000 for Defendants' negligent and willful violations of the FCRA under 15 U.S.C. §§1681n & 1681o. Additionally, Plaintiff is entitled to statutory damages of $1,000 and her costs for bringing this action. Lastly, Plaintiff reserves her right to obtain an attorney and seek attorney fees.

## COUNT TWO: VIOLATIONS OF FDCPA

37. Plaintiff realleges and incorporates paragraphs 1 through 36 above as if fully set out herein.

38. Defendants Palisades and its agent Convergent violated 15 U.S.C. §1692e by misrepresenting the amount--$196.06--of the debt owed by the Plaintiff. Palisades is liable for the acts of its agent under the doctrine of respondent superior and vicarious liability.

39. Defendants Palisades and Convergent violated 15 U.S.C. §1692e by misrepresenting the debt was owed to Palisades.

40. Alternatively, Defendant SCS violated 15 U.S.C. §1692e by misrepresenting the amount--$144.07--of the debt and to whom the debt was owed.

41. Defendants Palisades, Convergent and SCS' debt collection activities have caused the Plaintiff economic damages and emotional/mental distress damages.

42. Plaintiff seeks actual damages in an amount of $10,000, statutory damages in an amount of $1,000 and reserves her right to seek reasonable attorney's fees in the event she obtains counsel.

## COUNT THREE: MCPA

43. Plaintiff realleges and incorporates paragraphs 1 through 42 above as if fully set out herein.

44. Plaintiff's alleged debt – a phone bill – constitutes a "consumer transaction" under the MCDCA at §14-201(c). Verizon is attempting to collect that debt and qualifies as a "collector" under the MCDCA at §14-201(b).

45. Verizon violated the MCDCA at §14-202(3) by reporting false and derogative credit information regarding Plaintiff's credit worthiness.

46. Upon information and belief Defendant Palisades may have been collecting on behalf of Verizon and Palisades attempt to collect $196.06 from the Plaintiff is a violation of MCDCA at §14-202(8) for both Palisades and Verizon because they knew Plaintiff did not owe $196.06.

47. Defendants Verizon's and Palisades' violation of MCDCA at §14-202(3) & (8) are per se violations of the MCPA at §13-301(14)(iii).

48. The Plaintiff is seeking actual damages in the amount of $3,000 and reserves her right to seek attorney's fees pursuant to MCPA at §13-408 from the Defendant UCI.

WHEREFORE, Plaintiff requests $33,000 in actual damages from all Defendants; $20,000 in punitive damages from Verizon and the credit bureaus; $7,000 in statutory damages; costs for litigating this action; and Plaintiff reserves her right to request legal fees in the event she retains an attorney.

**TRIAL BY JURY IS DEMANDED.**

Dated: December 26, 2013

                                            Respectfully submitted,

                                            FREDA SHELTON

                                            Freda Shelton
                                            9087 Hardesty Dr., Clinton, MD 20735
                                            (202)567-1117
                                            *Pro Se Plaintiff*





U.S. POSTAGE
PAID
CLINTON, MD
20735
JAN 15, 14
AMOUNT
$4.42

CERTIFIED MAIL

7012 2920 0002 4586 3289

Kellie Day
9087 Hardesty Drive
Clinton, MD 20735

Equifax Information Systems
SV: CSC-Lawyers Inc Service CO
7 St. Paul Street, Ste 1660
Baltimore, MD 21202

